The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| FACTORY SALES AND ENGINEERING, INC. d/b/a FSE ENERGY, a Louisiana corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FACTORY MUTUAL INSURANCE COMPANY, a Rhode Island Corporation; and NIPPON PAPER INDUSTRIES USA CO., LTD, a Washington corporation,<br><br>Defendants. | No. 3:15-cv-05131-RJB<br><br>DEFENDANT FACTORY MUTUAL INSURANCE COMPANY'S OPPOSITION TO MOTION TO CONSOLIDATE<br><br>NOTED ON MOTION CALENDAR:<br>Friday, May 22, 2015 |

## I. INTRODUCTION

Defendant Factory Mutual Insurance Company ("FM Global") hereby submits this Opposition to Plaintiff Factory Sales and Engineering, Inc.'s ("FSE") Motion to Consolidate reserving any and all arguments regarding lack of subject-matter jurisdiction and without prejudice to FM Global's pending Motion to Dismiss Plaintiff Factory Sales and Engineering's Amended Complaint Pursuant to Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6) (ECF#22)[1] and

---

[1] ECF Numbers alone, without reference to the Cause Number, refer to ECF Numbers of documents filed in the *present* case, Cause 3:15-cv-05131-RJB. Reference to ECF Numbers of pleadings filed in other actions will also contain the Cause Number for those actions.

FM GLOBAL'S OPPOSITION TO FSE's MOTION TO CONSOLIDATE
(Cause No. 3:15-cv-05131-RJB) – 1
cej/MES/6508.032/1895289x



901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

Motion to Dismiss Optimus/Chanute's Complaint (ECF#8 in Cause No. 3:15-cv-05149-RJB) on the same basis.

FM Global opposes FSE's request for consolidation for three reasons. First, FSE is wrong that there are three "common" issues in all the lawsuits. FSE claims the "common" issues are (1) the "*cause of damage* to the mud drum," (2) "whether the FM [Global] Policy *covers* the damage to the mud drum," and (3) "whether the [Construction] *Contract* requirements for builder's risk insurance coverage were properly met." (FSE's Motion to Consolidate, pp. 5-6 (emphasis added).) While "cause of damage" and "cover[age]" are relevant to FM Global's involvement in two of the lawsuits, the Construction Contract dispute does not involve FM Global and is not a "common" issue.

Second, FM Global would be *prejudiced* by a consolidation that would require its full participation in lawsuits that involve a multiplicity of issues regarding the Construction Contract between the Owner, Nippon Paper Industries USA Co., Ltd. ("Nippon"), and its General Contractor, FSE   The various Construction Contract issues have no bearing on FM Global's claim investigation, coverage analysis, or coverage obligations, if any, owed to any of the parties. They are thus not "common" issues in all the cases FSE now seeks to consolidate *en masse*. It would be prejudicial to FM Global to require that it incur the expense of participating in lawsuits that are entirely tangential to the *separate* lawsuits FSE and Chanute filed against FM Global to address "cover[age]" and "cause of damage" issues.

Third, Federal Rule of Civil Procedure 42 gives this Court broad discretion to fashion a remedy *other than en masse consolidation*, such as ordering separate or bifurcated trials on issues common to all the lawsuits, or consolidating discovery for certain common issues (such as "cause of damage" and "cover[age]") without consolidating the Construction Contract issues irrelevant to FM Global's participation or potential liability in any of the lawsuits.

FM GLOBAL'S OPPOSITION TO FSE's MOTION TO CONSOLIDATE
(Cause No. 3:15-cv-05131-RJB) – 2
cej/MES/6508.032/1895289x

WILSON SMITH COCHRAN DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON  98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

## II. FACTUAL BACKGROUND

FSE seeks to consolidate three lawsuits now pending before this Court:

(1) *Factory Sales and Engineering, Inc., d/b/a/ FSE Energy v. Nippon Paper Industries USA Co., Ltd.; Factory Sales and Engineering, Inc., d/b/a FSE Energy v. Optimus Industries LLC d/b/a Chanute Manufacturing Company,* No. 3:14-cv-05899-RJB) (the "FSE/Nippon Action");

(2) *Factory Sales and Engineering, Inc. d/b/a FSE Energy v. Factory Mutual Insurance Company and Nippon Paper Industries USA Co., Ltd.*, No. 3-15:cv-05131-RJB (the "FSE/FM Global Action"); and

(3) *Optimus Industries LLC d/b/a/ Chanute Manufacturing Company v. Factory Mutual Insurance Company,* No. 3:15-cv-05149-RJB (the "Chanute/FM Global Action").

As is evident from review of the Complaints and related pleadings, the primary FSE/Nippon Action involves a host of issues arising under the Construction Contract between the Owner, Nippon, and its General Contractor, FSE. FM Global is not party to that lawsuit. (*See, e.g.,* FSE's Complaint for Breach of Contract against Nippon (ECF#1 in Cause No. 3:14-cv-5899-RJB)(alleging Nippon responsibility for delay claims, failure to pay for extra work, failure to pay for Change Order work, and numerous other Construction Contract-based allegations, as well as addressing "cause of the loss" to the Mud Drum). The FSE/FM Global Action and the Chanute/FM Global Action do involve "cause of damage" and "cover[age]" issues. (*See* ECF#14; *see also* ECF#1 in Cause No. 3:15-cv-5149-RJB.)

## III. ARGUMENT

A. **Remedies available under Federal Rule of Civil Procedure 42.**

Federal Rule of Civil Procedure 42 provides for a number of remedies for the efficient treatment of lawsuits involving "common" questions of law or fact, including: consolidation of cases with "common" issues; separate/bifurcated trials on separate issues, claims, crossclaims,

FM GLOBAL'S OPPOSITION TO FSE's MOTION TO CONSOLIDATE
(Cause No. 3:15-cv-05131-RJB) – 3
cej/MES/6508.032/1895289x

WILSON SMITH COCHRAN DICKERSON
901 Fifth Avenue, Suite 1700
Seattle, Washington 98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

counterclaims, or third-party claims; and "any other orders" by the Court to "avoid unnecessary cost or delay":

> (a) CONSOLIDATION. If actions before the court involve a common question of law or fact, the court may:
>
>  (1) join for hearing or trial any or all matters at issue in the actions;
>
>  (2) consolidate the actions; or
>
>  (3) issue any other orders to avoid unnecessary cost or delay.
>
> (b) SEPARATE TRIALS. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Consolidation is but one of the remedies available under Rule 42 for the streamlined adjudication of cases with "common" issues—and consolidation is ***not*** appropriate if it might "sacrifice . . . justice" for any of the involved parties:

> In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy. However, under the applicable law, efficiency cannot be permitted to prevail at the expense of justice—consolidation should be considered when "savings of expense and gains of efficiency can be accomplished without sacrifice of justice."

*Davlin v. Transp. Comm. Intern. Union*, 175 F.3d 121, 130 (2nd Cir. 1999) (internal citations omitted). Thus, judicial economy cannot trump equity, nor is consolidation appropriate if it may prompt cost savings and greater efficiency for some parties while causing "unnecessary cost or delay" (which Federal Rule of Civil Procedure 42 aims to "avoid") for other parties. Consolidation which may afford some efficiency or cost savings to some, but not all, parties is not appropriate if justice for other parties is sacrificed.

FM GLOBAL'S OPPOSITION TO FSE's MOTION TO CONSOLIDATE
(Cause No. 3:15-cv-05131-RJB) – 4
cej/MES/6508.032/1895289x

WILSON SMITH COCHRAN DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

counterclaims, or third-party claims; and "any other orders" by the Court to "avoid unnecessary cost or delay":

> (a) CONSOLIDATION. If actions before the court involve a common question of law or fact, the court may:
>
>  (1) join for hearing or trial any or all matters at issue in the actions;
>
>  (2) consolidate the actions; or
>
>  (3) issue any other orders to avoid unnecessary cost or delay.
>
> (b) SEPARATE TRIALS. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Consolidation is but one of the remedies available under Rule 42 for the streamlined adjudication of cases with "common" issues—and consolidation is ***not*** appropriate if it might "sacrifice . . . justice" for any of the involved parties:

> In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy. However, under the applicable law, efficiency cannot be permitted to prevail at the expense of justice—consolidation should be considered when "savings of expense and gains of efficiency can be accomplished without sacrifice of justice."

*Davlin v. Transp. Comm. Intern. Union*, 175 F.3d 121, 130 (2nd Cir. 1999) (internal citations omitted). Thus, judicial economy cannot trump equity, nor is consolidation appropriate if it may prompt cost savings and greater efficiency for some parties while causing "unnecessary cost or delay" (which Federal Rule of Civil Procedure 42 aims to "avoid") for other parties. Consolidation which may afford some efficiency or cost savings to some, but not all, parties is not appropriate if justice for other parties is sacrificed.

FM GLOBAL'S OPPOSITION TO FSE's MOTION TO CONSOLIDATE
(Cause No. 3:15-cv-05131-RJB) – 4
cej/MES/6508.032/1895289x

WILSON SMITH COCHRAN DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

B.   **Construction Contract issues are not "common" to the lawsuits in which FM Global is a party.**

FSE's bald assertion that "the cases sought to be consolidated . . . all arise out of the same Contract, Policy, and construction project" is false, and FSE is thus wrong that "the parties will be required to properly adjudicate" the "same legal issues" in all the cases, regardless of whether consolidation is ordered. (*See* FSE's Motion to Consolidate, p. 7.) Even a cursory review of FSE's Complaint in the FSE/Nippon Action reveals it is rife with Construction Contract issues exclusively involving Nippon, FSE, and FSE's subcontractors, but not FM Global. (*See* FSE's Complaint in the FSE/Nippon Action (ECF#1 in Cause No. 3:14-cv-5899-RJB; *compare to* FSE's Amended Complaint against FM Global in the FSE/FM Global Action (ECF#14) *and to* Chanute's Complaint against FM Global in the Chanute/FM Global Action (ECF#1 in Cause No. 3:15-cv-5149-RJB).)

The issues of "cause of damage" (which is a necessary part of "cover[age]") and "cover[age]" that exist in the FSE/FM Global Action and the Chanute/FM Global Action do not require adjudication of the myriad Construction Contract issues that only exist in the FSE/Nippon Action and involve only Nippon, FSE, and Chanute. Moreover, the outcome of any adjudication of the "Contract" issues and disputes will not impact or change FM Global's coverage, if any, in the FSE/FM Global Action or the Chanute/FM Global Action. The FM Global Policy either does or does not cover the loss, and the cause of damage is part of that coverage determination. But whether the parties breached the Construction Contract in some manner which prompted alleged damage of varying amounts is not material to a determination of coverage under the FM Global Policy.

C.   **FM Global would be prejudiced by consolidation.**

FM Global would be prejudiced by a consolidation that would require its full participation in lawsuits based on the Contract. It would be prejudicial to FM Global to require that it incur the unnecessary expense of participating in the FSE/Nippon Action, which is entirely tangential to the separate lawsuits FSE and Chanute filed against FM Global to address

FM GLOBAL'S OPPOSITION TO FSE's MOTION TO CONSOLIDATE
(Cause No. 3:15-cv-05131-RJB) – 5
cej/MES/6508.032/1895289x

WILSON SMITH COCHRAN DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

"cover[age]" and "cause of damage" issues (i.e., the FSE/FM Global Action and the Chanute/FM Global Action).

In fact, FSE's *own* argument for consolidation betrays that Construction Contract issues are *not* "common" issues in the two coverage actions (i.e., the FSE/FM Global Action and the Chanute/FM Global Action). FSE argues consolidation will "avoid conflicting rulings on important factual [and legal] issues," as follows:

> [I]t will avoid conflicting rulings on important factual issues (like the *cause of damage* to the mud drum) and allow for the orderly and efficient determination of key legal issues (like the *coverage* available under the Policy).

(FSE's Motion to Consolidate, p. 6 (emphasis added).) Notably missing is any argument that *Contract* issues must be resolved in all three cases. This is because Contract issues are *not* relevant to FM Global's claim investigation, coverage determination, or ultimate liability, if any, in the FSE/FM Global Action or the Chanute/FM Global Action. Contract issues are *only* relevant to the parties to the Contract: Nippon and FSE. To require FM Global to participate fully in the FSE/Nippon Action and have to address all the contentious Construction Contract claims would be prejudicial to FM Global and run counter to Rule 42's aim to "avoid unnecessary cost or delay[.]" Fed. R. Civ. Pro. 42(a)(3). Thus, equity here must trump purported "efficiency," and FM Global should not be prompted to incur "unnecessary cost" so that perhaps FSE can avoid incurring costs associated with its *own* election to file multiple lawsuits to address the various aspects of its legal averments.

**D.     Federal Rule of Civil Procedure 42 affords the Court broad discretion to fashion a different, and better, solution than the *en masse* consolidation FSE seeks.**

Federal Rule of Civil Procedure 42 affords the Court broad discretion to fashion a remedy other than the *en masse* consolidation FSE seeks at FM Global's prejudice and expense. As noted earlier, Federal Rule of Civil Procedure 42 provides for a number of remedies for the efficient treatment of lawsuits involving "common" questions of law or fact. In addition to consolidation, the Rule empowers the Court to "order a separate trial of one or

FM GLOBAL'S OPPOSITION TO FSE's MOTION TO CONSOLIDATE
(Cause No. 3:15-cv-05131-RJB) – 6
cej/MES/6508.032/1895289x

WILSON SMITH COCHRAN DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

more separate issues, claims, crossclaims, counterclaims, or third-party claims" if doing so would promote "convenience," "avoid prejudice," or "expedite and economize" the orderly judicial resolution of cases. Fed. R. Civ. Pro. 42(b). Further, the Court "may . . . issue any other orders to avoid unnecessary cost or delay."

Here, FSE's stated concern about the prospect for "conflicting rulings on important factual issues (like the cause of damage to the mud drum)," and its desire to "allow for the orderly and efficient determination of key legal issues (like coverage available under the Policy)" (FSE's Motion to Consolidate, p. 6), can be achieved without *en masse* consolidation that prejudices FM Global and "sacrifices justice" for FM Global.

Specifically, the Court could bifurcate the Construction Contract issues and cause of loss issues from the coverage determination issues. Functionally, in the event FM Global's pending Motions to Dismiss are granted and the FSE/FM Global Action and the Chanute/FM Global Actions are dismissed, then Nippon's Crossclaim against FM Global can be tried as a bifurcated case after a trial addressing "cause of damage" and Construction Contract issues has been concluded. FSE's assertion that resolution of coverage under the FM Global Policy will resolve all disputes between it and Nippon is manifestly incorrect. Moreover, any concerns about inconsistent verdicts can be addressed without an unnecessary and unwarranted *en masse* consolidation that would clearly burden FM Global with "unnecessary cost" and "sacrifice justice" for FM Global so that FSE could presumably save money in prosecuting the various lawsuits. Federal Rule of Civil Procedure 42 does not allow such cost-shifting from one party to another under the guise of convenience or economy. What Rule 42(b) ***does*** allow are bifurcated and sequenced trials of separate issues, claims, counterclaims, crossclaims, and third-party claims, which afford options for streamlined and orderly resolution of cause of damage and Construction Contract issues first, followed by resolution of the commercial property insurance coverage issues.

FM GLOBAL'S OPPOSITION TO FSE's MOTION TO CONSOLIDATE
(Cause No. 3:15-cv-05131-RJB) – 7
cej/MES/6508.032/1895289x

WILSON SMITH COCHRAN DICKERSON

901 F<small>IFTH</small> A<small>VENUE</small>, S<small>UITE</small> 1700
S<small>EATTLE</small>, W<small>ASHINGTON</small>  98164
T<small>ELEPHONE</small>: (206) 623-4100
F<small>AX</small>: (206) 623-9273

IV.  **CONCLUSION**

For all the foregoing reasons, FSE's Motion to Consolidate should be denied.

DATED this 18th day of May, 2015.

        WILSON SMITH COCHRAN DICKERSON

By: *s/ Scott M. Stickney*
    Scott M. Stickney, WSBA #14540
    Maria E. Sotirhos, WSBA # 21726
    Wilson Smith Cochran Dickerson
    901 Fifth Avenue, Suite 1700
    Seattle, Washington  98164
    stickney@wscd.com
    sotirhos@wscd.com
    (206) 623-4100 telephone
    (206) 623-9273 facsimile

Attorneys for Defendant
Factory Mutual Insurance Company

FM GLOBAL'S OPPOSITION TO FSE's MOTION TO CONSOLIDATE
(Cause No. 3:15-cv-05131-RJB) – 8
cej/MES/6508.032/1895289x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON  98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date below I caused to be served the foregoing document on all counsel of record via the Court's electronic filing system, which will transmit a copy to each counsel of record.

**SIGNED** this 18th day of May, 2015, at Seattle, Washington.

*s/ Connie Enns Jory*
Connie Enns Jory

FM GLOBAL'S OPPOSITION TO FSE's MOTION TO CONSOLIDATE
(Cause No. 3:15-cv-05131-RJB) – 9
cej/MES/6508.032/1895289x



WILSON SMITH COCHRAN DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON  98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273